**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **CASE NO. 2:20-cr-126(4)** |
| **MICHAEL KEITH OUSLEY,** | **CHIEF JUDGE MARBLEY** |
| Defendant. | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum for the sentencing of Defendant Michael Keith Ousley ("Defendant" or "Ousley"). For the reasons set forth herein and considering all other relevant factors, and pursuant to the Rule 11(c)(1)(A) plea agreement, the United States recommends that Defendant be sentenced to a term of imprisonment of 84 months, followed by five years of supervised release, and a $100 special assessment.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In or about November and December of 2019, Defendant conspired with Denia Idelca Avila ("Avila") in the planning of the kidnapping of at least one victim. In total, the conspiracy involved two kidnapping attempts, perpetrated by Avila, Jessica Elizabith Wise ("Wise"), Ellis LaTrent Ray, II ("Ray"), Antwuan Green, Jr. ("Green, Jr."), Jerry E. McCallister ("McCallister"), and others. Defendant, specifically, assisted in the planning, preparation, and execution of the second kidnapping attempt.

On November 22, 2019, Avila asked Ray, who is Wise's son, to put Avila in contact with Wise. Ray, a family friend of Avila's, complied with Avila's request, and Wise then met with

Avila and formed the initial conspiracy to kidnap at least Victim #1. Wise's involvement, in part, included the offer to connect Avila to a person known to Wise named "Michael," later identified as Defendant, who would assist Avila with the kidnapping.

On November 24, 2019, Wise provided Defendant's contact information to Avila. About that time, Wise contacted Defendant and informed him that someone, later identified to Defendant as Avila, wanted to meet Defendant about snatching someone up. Defendant also learned about the first kidnapping attempt from Wise, including the use of a Taser in the attempt, and that Victim #2 was present. Defendant communicated with Avila through the provided number, and through a second phone number associated with a prepaid disposable "burner" cellular phone. He agreed to assist Avila and joined her in her plan to kidnap at least Victim #1. Defendant conducted surveillance of the victims' residence and at Victim #1's place of employment, including by identifying Victim #1's vehicle to ascertain his whereabouts, and by using Defendant's vehicle to perform the surveillance as it would not be recognized by the victims. Defendant also went shopping with Avila to purchase items to be used in the second kidnapping attempt, which would involve impersonating federal immigration officers. Defendant's efforts to further the conspiracy also included recruiting McCallister to join in the second kidnapping attempt. Defendant communicated with McCallister via cellular telephones and Facebook Messenger from at least December 2, 2019, until at least December 13, 2019.

At or about 5:00 a.m. on December 4, 2019, Defendant, McCallister, and Avila traveled to the victims' residence for the purpose of kidnapping at least Victim #1. Wearing black jackets marked "Police" and "U.S. Immigration," and Defendant wearing an armored plate-carrier vest, Defendant and McCallister exited the vehicle driven by Avila and approached Victim #1's vehicle while the victims were preparing to depart for work. McCallister presented a paper showing

Victim #1's photo while shouting "police" to Victim #2, who was alone inside the vehicle. She refused to exit her vehicle, and the victims drove away and contacted the police. Later that same day, Ousley pawned a Taser and a set of handcuffs which had been provided to him for use in relation to the kidnapping attempt by Avila.

Ousley was charged with one count of Conspiracy to Commit Kidnapping (count 1), in violation of 18 U.S.C. § 1201(c), Attempted Kidnapping (count 3), in violation of 18 U.S.C. §§ 1201(d) and (2), and one count of Conspiracy to Impersonate an Agent of the United States (count 4), in violation of 18 U.S.C. § 371, in an Indictment returned by a federal grand jury on July 30, 2020. On October 19, 2020, he pleaded guilty to one count of Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(c) pursuant to a Rule 11(c)(1)(A) plea agreement.

## II.  U.S. SENTENCING GUIDELINES

### a. *Statutory Maximum Sentence*

The maximum sentence for Conspiracy to Commit Kidnapping in violation of 18 U.S.C. § 1201(c) is a term of imprisonment up to life, a fine not to exceed $250,000, up to five years of supervised release, restitution, and a mandatory special assessment of $100.00.

### b. *Sentencing Guidelines Calculation*

In imposing a sentence, the Court must consider the sentencing factors set forth in 18 U.S.C. §3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005). First, as stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").

The PSR correctly determined that, pursuant to U.S.S.G. § 2X1.1(a), the base offense level for Conspiracy to Commit Kidnapping in violation of 18 U.S.C. § 1201(c) is 32. PSR at ¶37. Probation also determined that a 2-level enhancement should be applied pursuant to U.S.S.G. §

3

3A1.1(b)(1) because this crime targeted a victim particularly susceptible to the criminal conduct. PSR at ¶¶40-41. The United States does not oppose a 2-level reduction in offense level pursuant to U.S.S.G. § 3E1.1 based upon Defendant's acceptance of responsibility, if he continues to comply the terms of that section, and Defendant is entitled to an additional 1-level decrease pursuant to U.S.S.G. § 3E1.1(b) in recognition of his timely notification of his intention to plead guilty. Plea Agreement at ¶6; PSR at ¶¶46-47. This results in a total adjusted offense level of 31. PSR at ¶48. Defendant falls into criminal history category V. PSR at ¶¶76-78. His resulting sentencing guideline range, therefore, is 168-210 months, before any other departures are considered.

### III. THE PROPER SENTENCE

Once the Court has properly calculated the guideline range, the Court must next consider all the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

      a. *The Nature and Circumstances of the Offense.*

The nature of Defendant's offense is very serious. First, he agreed to commit a kidnapping in exchange for payment. He then assisted kidnapping conspiracy's preparation by surveilling the intended victims at their residence and at the workplace of Victim #1, in part to hide the existence of the conspiracy because he and his vehicle were unknown to the victims. Ousley tried on police gear intended to disguise him as an immigration enforcement officer during the kidnapping attempt. He assisted Avila in recruiting McCallister, who would go on to join him in the commission of the second kidnapping attempt. On the morning of December 4, Ousley, with McCallister and Avila, traveled to the victims' residence and attempted to kidnap Victim #1. Defendant wore a law enforcement costume he helped shop for at least one surplus store, including a black plate carrier vest marked "POLICE." He exited Avila's vehicle to apprehend at least Victim #1. As a result, Victim #2 was trapped in her vehicle and blocked in by Avila's vehicle as McCallister and Ousley approached her. Eventually, she was able to drive forward over a concrete barrier to escape the conspirators.

Defendant is therefore culpable of a serious offense. His willingness to offer himself for hire to commit a kidnapping demonstrates the danger he posed to the victims in this case, and to all persons in the Southern District of Ohio. Beyond that threatened risk, Defendant followed through. He assisted Avila at each step of the criminal plan once he was involved, including his presence and participation in the second kidnapping attempt. Thus, the nature and circumstances of this offense are serious, and a proportionately serious sentence is appropriate to address this conduct.

      b. *Defendant's History and Characteristics; and Deterrence of Criminal Conduct.*

This is far from Defendant's first encounter with criminal activity, as demonstrated by his

extensive criminal history.  Despite his previous encounters with the justice system, the sanctions ordered thus far have failed to deter Defendant from continuing to commit crimes.  Defendant, undeterred, then engaged in a kidnapping conspiracy, an escalation from the caliber of most of his criminal history of thefts, drug offenses, and burglary.  The Government submits that the recommended sentence is sufficient to deter Defendant from continuing his escalating trend of serious criminal acts.

   c. *The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide for Just Punishment.*

Defendant's sentence must be proportional to the seriousness of his offense to provide just punishment and promote respect for the law.  Absent Defendant's agreement to assist in this kidnapping attempt and his subsequent recruitment of McCallister, Avila could not have proceeded with the second kidnapping without an outlay of additional time, effort, and assistance from others.  Defendant's conduct defied the law and put the safety of two victims at risk.  Victim #1 was particularly susceptible to the conspirators' ruse, because he did not have legal status to be in the United States.  Defendant posed as a law enforcement officer to commit a crime, disrespecting the law and the police officers who serve the public.  Defendant's sentence should be substantial in reflection of the fact that his participation in the conspiracy is a serious violation of law.

   d. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.*

Although this factor is geared toward national consistency of defendants, the Government would be remiss if it did not mention that McCallister, who also participated in the second kidnapping attempt and impersonated law enforcement while doing so, was sentenced to 84 months of imprisonment by this Court.

## IV. CONCLUSION

Upon consideration of all relevant factors, the United States respectfully requests that the Court sentence Defendant to a term of imprisonment of 84 months, followed by five years of supervised release, and a $100 special assessment.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Jessica W. Knight
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney

CHRISTOPHER N. ST. PIERRE (0097673)
Special Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone No.: (614) 469-5715
Fax No.: (614) 469-5653
Email: Jessica.Knight@usdoj.gov
Christopher.St.Pierre@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served electronically via the Court's CM/ECF system on this 29th day of November 2021 upon counsel for Defendant Michael Keith Ousley.

s/Jessica W. Knight
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney